# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK STRAUSSER, | : | No. 3:15cv2458 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| GERTRUDE HAWK CHOCOLATES, INC., | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Plaintiff Mark Strausser's (hereinafter "plaintiff") motion for leave to file a second amended complaint. For the reasons that follow, the court will grant plaintiff's motion.

## Background

The instant employment discrimination action arises from plaintiff's employment with Defendant Gertrude Hawk Chocolates, Inc. (hereinafter "defendant"). Plaintiff worked as a full-time machine operator at defendant's production facility from February 2014 until his termination in January 2015. (Doc. 19, Am. Compl. ¶ 12).

While employed with the defendant, plaintiff requested time off to seek inpatient treatment for alcoholism issues. (Id. ¶ 13). Defendant consented to plaintiff's request, and in late December 2014, plaintiff

entered an inpatient rehabilitation facility.  (Id. ¶ 14).  Plaintiff remained at the rehabilitation facility for a month, successfully completing the treatment program.  (Id. ¶ 16).

Plaintiff returned to work in late January or early February 2015.  (Id. ¶¶ 16-17).  Upon his return, plaintiff's manager handed plaintiff a letter.  (Id. ¶ 17).  The letter stated that the defendant had assessed plaintiff a number of attendance points for the time plaintiff missed work during his rehabilitation stay.  (Id.)  Plaintiff's manager explained that he "didn't care where [plaintiff] was" and that the attendance points would stand.  (Id. ¶ 20).  Plaintiff responded that he would seek legal counsel on the appropriateness of being disciplined for his medical leave.  (Id. ¶ 21).  Plaintiff's manager, however, stated that he did not feel comfortable with plaintiff in his factory and, effective immediately, terminated plaintiff's employment due to lack of work.  (Id. ¶¶ 22-23).

In response to his termination, plaintiff filed a complaint and a first amended complaint.  The first amended complaint asserts two causes of action.  Plaintiff first alleges that the defendant failed to accommodate him, discriminated against him because of his disability, and terminated him in retaliation for requesting accommodations in violation of the

2

Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. (hereinafter "ADA"). (Id. ¶¶ 26-30). Plaintiff's second cause of action claims the defendant failed to accommodate him, discriminated against him because of his disability, and terminated him in retaliation for requesting accommodations in violation of Pennsylvania's Human Relations Act, 43 PA. STAT. ANN. § 951, *et seq*. (hereinafter "PHRA"). (Id. ¶¶ 43-45).

On December 8, 2016, plaintiff filed a motion seeking leave to file a second amended complaint. (Doc. 26). Specifically, plaintiff seeks to add the disabilities of bipolar disorder, depression, and anxiety to his previously stated disability of alcoholism. Defendant opposes plaintiff's motion. The parties briefed the issues, bringing the case to the present procedural posture.

**Jurisdiction**

As this case is brought pursuant to the ADA for unlawful employment discrimination, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

**Discussion**

Plaintiff seeks leave to file a second amended complaint to add the disabilities of bipolar disorder, depression, and anxiety to his previously stated alcoholism disability. Plaintiff asserts these additional disabilities arise from the same December 2014 rehabilitation stay that treated his alcoholism. The defendant argues plaintiff failed to administratively exhaust his remedies regarding these additional disabilities, and therefore, the court must deny plaintiff's proposed amendment. Alternatively, the defendant contends plaintiff has unduly delayed moving for this amendment and that these additional disabilities will unfairly prejudice the defendant. After a careful review, the court agrees with the plaintiff and will allow him to file a second amended complaint.

Federal Rule of Civil Procedure 15 provides that when a responsive pleading has been filed, a "party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15 counsels courts to "freely give leave [to amend a complaint] when justice so requires." Id. Nonetheless, a district court may deny leave to amend a complaint if the amendment has been unduly delayed, would unduly prejudice the nonmoving party, or would be futile.

Averbach v. Rival Mfg. Co., 879 F.2d 1196, 1203 (3d Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Undue delay is established if a proposed amendment "plac[es] an unwarranted burden on the court" and the movant had an inappropriate motive for proposing it later rather than sooner. Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). The "mere existence of delay" alone is not sufficient. Merican, Inc. v. Caterpillar Tractor Co., 596 F. Supp. 697, 705 (E.D. Pa. 1984). Undue prejudice is established if the proposed amendment "plac[es] an unfair burden on the opposing party." Adams, 739 F.2d at 868. A proposed amendment would be futile if such amendment would not withstand a motion to dismiss. Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). Finally, the burden is on the nonmoving party to show that there are grounds for denying leave to amend. Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007).

Initially, the defendant argues plaintiff's additional disabilities of bipolar disorder, depression, and anxiety are futile because plaintiff failed to exhaust his administrative remedies regarding these disabilities with the Equal Employment Opportunity Commission (hereinafter "EEOC").

Exhaustion of administrative remedies is a threshold issue for discrimination claims. Antol v. Perry, 82 F.3d 1291, 1295 n.3 (3d Cir. 1996). Reviewing the purpose of the exhaustion requirement, the Third Circuit Court of Appeals explained that "[t]he congressional policy underlying this framework was to resolve discrimination claims administratively through cooperation and voluntary compliance in an informal, noncoercive manner." Burgh v. Borough Council of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). A claim is considered exhausted if it is "fairly within" the scope of the administrative complaint or the investigation that arises therefrom. Antol, 82 F.3d at 1295.

Plaintiff's Charge of Discrimination, filed with the PHRC and EEOC, alleges:

> In or about December of 2014, I requested medical leave for a disability (not specified herein per EEOC policy and for privacy purposes). The leave was only for approximately 1 month. Respondent's management was kept abreast of the specifics pre-leave and during the leave. I was permitted to return to work during the last week of January 2015. After working for several days, I was presented with discipline for taking a medical leave. Opposing what I perceived to be discrimination, I explained to management I would consult a lawyer about being disciplined for a medical leave. I was immediately terminated thereafter.

(Doc. 31-4, Ex. A. Pl.'s Charge of Discrimination dated 2/5/15).

In the instant matter, the scope of plaintiff's EEOC administrative

6

complaint pertains to the disabilities he received treatment for in December 2014.  A review of plaintiff's December 2014 treatment notes demonstrate that plaintiff received treatment for bipolar disorder, depression, anxiety, and alcoholism.  (Doc. 31-4, Ex. E, Progress Note dated 1/24/15; Doc. 31-4, Ex. F, Progress Note dated 1/13/15).  Thus, plaintiff's bipolar disorder, anxiety, and depression–disabilities he received treatment for during his December 2014 rehabilitation stay–are fairly within the scope of plaintiff's EEOC complaint, and therefore, may have been fully exhausted.

Having determined that these new disabilities are potentially within the scope of the EEOC charge, the defendant next contends that the amendment is unfairly prejudicial.  We disagree.

Plaintiff's second amended complaint will not unduly prejudice the defendant because this case is still in discovery and depositions have not been taken.  The defendant will have a full opportunity to review plaintiff's medical records and obtain information pertaining to the amended subject matter prior to plaintiff's deposition.  Stated differently, the defendant will have a full opportunity to explore the factual basis of plaintiff's bipolar disorder, depression, and anxiety prior to, and during, plaintiff's

deposition, mitigating any undue prejudicial effect.  See Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) ("[T]he non-moving party must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely filed."). Ergo, plaintiff's second amended complaint is not unfairly prejudicial.

Finally, plaintiff's amendment fails to demonstrate undue delay or bad faith.  Plaintiff's counsel received and inspected all of plaintiff's medical records in September 2016.  After reviewing plaintiff's medical records, plaintiff's counsel determined that plaintiff's December 2014 rehabilitation stay treated plaintiff's alcoholism and plaintiff's bipolar disorder, depression, and anxiety.  In November 2016, plaintiff's counsel, prior to plaintiff's deposition, advised the defendant that plaintiff sought to amend his first amended complaint and file a second amended complaint to include mention of plaintiff's bipolar disorder, anxiety, and depression. (Doc. 31-4, Ex. D, Emails dated 11/2/16 - 11/10/16).  The defendant, however, failed to agree to plaintiff's amendment and requested plaintiff file the instant motion.  (Id.)  Accordingly, plaintiff's actions fail to demonstrate undue delay or bad faith.

In short, the defendant failed to establish grounds for the court to deny plaintiff's request to file a second amended complaint. As such, the court will grant plaintiff's motion for leave to file a second amended complaint adding the disabilities of bipolar disorder, anxiety, and depression.

**Conclusion**

For the above-stated reasons, the court will grant plaintiff's motion for leave to file a second amended complaint. An appropriate order follows.


**Date:  01/17/2017**          **s/ James M. Munley**
                               **JUDGE JAMES M. MUNLEY**
                               **United States District Court**